UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROHM GUSTAFSON,

                              Plaintiff,

        v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                              Defendant.

Case No. 2:15-cv-00276-JLR-KLS

REPORT AND RECOMMENDATION

Noted for September 11, 2015

Plaintiff has brought this matter for judicial review of defendant's denial of his

application for disability insurance benefits. This matter has been referred to the undersigned

Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as

authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976). After reviewing the

parties' briefs and the remaining record, the undersigned submits the following Report and

Recommendation for the Court's review, recommending that for the reasons set forth below,

defendant's decision to deny benefits be reversed and this matter be remanded for further

administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On November 9, 2011, plaintiff filed an application for disability insurance, alleging

disability as of November 4, 2008. *See* Dkt. 11, Administrative Record ("AR") 25. That

application was denied upon initial administrative review on May 16, 2012, and on

reconsideration on February 20, 2013. *See id*. A hearing was held before an administrative law

REPORT AND RECOMMENDATION - 1

judge ("ALJ") on September 4, 2013, at which plaintiff, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 73-118.

In a decision dated November 6, 2013, the ALJ determined plaintiff to be not disabled. *See* AR 25-42. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on December 22, 2014, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 2; 20 C.F.R. § 404.981. On February 24, 2015, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 1. The administrative record was filed with the Court on April 28, 2015. *See* Dkt. 11. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits because the ALJ erred:

(1)   in finding plaintiff engaged in substantial gainful activity;

(2)   in evaluating the opinions of Robert Parker, Ph.D., Jan L. Lewis, Ph.D., James Bailey, Ph.D., Paul Grekin, M.D., and Robert L. Curtis, MA, MHP, LMHC;

(3)   in discounting plaintiff's credibility;

(4)   in assessing plaintiff's residual functional capacity ("RFC"); and

(5)   in finding plaintiff to be capable of performing other jobs existing in significant numbers in the national economy.

For the reasons set forth below, the undersigned agrees the ALJ committed reversible error in evaluating the opinions of Dr. Lewis and Dr. Bailey, and thus in assessing plaintiff's RFC and in finding her to be capable of performing other jobs, and therefore in determining plaintiff to be not disabled. Also for the reasons set forth below, however, the undersigned recommends that while defendant's decision to deny benefits should be reversed on this basis, this matter should

REPORT AND RECOMMENDATION - 2

be remanded for further administrative proceedings.

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by

REPORT AND RECOMMENDATION - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

I.      The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982).  In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Security Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can

---

substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may not try the case de novo, neither may it abdicate its traditional function of review.  It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

In mid-April 2012, non-examining psychologist Jan L. Lewis, Ph.D., opined that plaintiff would likely have "occ[asional] interruptions" from psychologically based symptoms during the work week, which would impede his ability to work at a consistent pace. AR 126. That opinion was affirmed by non-examining psychologist James Bailey, Ph.D., in mid-February 2013. *See* AR 139. The ALJ stated he gave the opinions of Dr. Lewis and Dr. Bailey "little to no weight" for the following reasons:

> . . . This . . . opinion, when read in context with the remainder of exhibit 4A [containing Dr. Bailey's opinion] is nothing more than inartful wording. First,

REPORT AND RECOMMENDATION - 5

1

2

3

4

5

6

7

> when read in context with the entire opinion, there is no indication Dr. Lewis
> or Dr. Baily [sic] intended to use the word "occasional" as defined in the
> vocational setting as meaning up to 1/3 of the time. Indeed, such a reading is
> inconsistent with the ultimate determination that "Based on the documented
> findings" the claimant is "Not Disabled." Ex. 4A/11. Accordingly, I do not
> interpret this statement to mean the claimant would "likely" have interruptions
> up to 1/3 of the time. Rather, I interpret this opinion to mean the claimant
> might have infrequent, but not often, interruptions but otherwise has an
> average ability to perform sustained work activities, (i.e. can maintain
> attention and concentration; persistence and pace) in an ordinary work setting
> on a regular and continuing basis.

8

AR 36-37 (internal footnotes omitted).

9

10

Plaintiff argues, and the undersigned agrees, that in so finding, the ALJ improperly based

his decision on "his own expertise," rather than on that of the two psychologists. *Whitney v.*

11

12

*Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982); *see also Gonzalez Perez v. Secretary of Health*

13

*and Human Services*, 812 F.2d 747, 749 (1st Cir. 1987) (ALJ may not substitute own opinion for

14

opinion of physician); *McBrayer v. Secretary of Health and Human Services*, 712 F.2d 795, 799

15

(2nd Cir. 1983) (ALJ cannot arbitrarily substitute own judgment for competent medical opinion);

16

*Gober v. Mathews*, 574 F.2d 772, 777 (3rd Cir. 1978) (ALJ not free to set own expertise against

17

that of physician who testified before him).

18

Although defendant argues the ALJ's interpretation is reasonable, the ALJ gave no valid

19

20

explanation as to why Drs. Lewis and Bailey use of the term "occasional" should not be treated

as meaning up to one third of the time. As the ALJ himself points out, Dr. Lewis and Dr. Bailey

21

22

are state agency consultants (*see* AR 35), and thus as plaintiff notes they presumably are well

23

aware of the terms employed by the Commissioner in assessing a claimant's residual functional

24

capacity, including "occasional" which is defined as "occurring from very little up to one- third

25

of the time, and would generally total no more than about 2 hours of an 8-hour workday." Social

26

Security Ruling ("SSR") 96-9p, 1996 WL 374185, at *3. Given this, it is not at all clear why the

REPORT AND RECOMMENDATION - 6

ALJ instead adopted the standard dictionary definition of that term. *See* AR 37 and n.6. As such, the Court declines to find the ALJ's decision to do so reasonable.[2]

II.      The ALJ's Assessment of Plaintiff's Residual Functional Capacity

If a disability determination "cannot be made on the basis of medical factors alone at step three of the evaluation process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities SSR 96-8p, 1996 WL 374184 *2. A claimant's residual functional capacity ("RFC") assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.* It thus is what the claimant "can still do despite his or her limitations." *Id.*

A claimant's residual functional capacity is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ in this case found plaintiff had the residual functional capacity:

> **. . . to perform a full range of work at all exertional levels, subject to the following nonexertional limitations. [He] is able to perform simple, routine tasks and follow short and simple instructions. He is able to**

---

[2] The ALJ did also state that using the Commissioner's definition of the term "occasional" would be "inconsistent with the ultimate determination" made in the above-noted exhibit 4A that plaintiff was not disabled. AR 37. But it is not at all clear that it was Dr. Bailey who made that determination – and indeed the signatures on the page where the determination is set forth do not include Dr. Bailey's – or to what extent that determination took into account the mental residual functional capacity portion of exhibit 4A, let alone the specific limitation concerning ability to work at a consistent pace. *See* AR 142.

REPORT AND RECOMMENDATION - 7

**perform work that requires little or no judgment. He is able to perform work that includes simple duties that can be learned on the job in a short period. He has an average ability to perform sustained work activities, (i.e., can maintain attention and concentration; persistence and pace) in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule) within customary tolerances of employers rules regarding sick leave and absence. He needs a work environment with minimal supervisor contact. (Minimal contact does not preclude all contact, rather it means contact does not occur regularly. Minimal contact also does not preclude simple and superficial exchanges and it doesn't preclude being in proximity to the supervisor) He can work in proximity to a few co-workers but not in a cooperative or team effort. He needs a work environment that requires minimal interactions with a few co-workers. He needs a work in an [sic] environment that is predictable and with few work setting changes. He would not deal with the general public as in a sales position or where the general public is frequently encountered as an essential element of the work process. Incidental contact of a superficial nature with the general public is not precluded.**

AR 31-32. Plaintiff argues the ALJ's RFC assessment is deficient because it fails to include all of his functional limitations. The Court agrees that because as discussed above the ALJ erred in discounting the opinions of Dr. Lewis and Dr. Bailey, it cannot be said that residual functional capacity with which the ALJ assessed plaintiff is supported by substantial evidence. The Court thus finds the ALJ erred here.

III.   The ALJ's Findings at Step Five

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). *See Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000) *Tackett*, 180 F.3d at 1100-1101.

An ALJ's findings will be upheld if the weight of the medical evidence supports the

REPORT AND RECOMMENDATION - 8

1    hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987);

2    *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony

3    therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See*

4    *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the

5    claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.*

6    (citations omitted). The ALJ, however, may omit from that description those limitations he or

7    she finds do not exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

8

9         At the hearing, the ALJ posed a hypothetical question to the vocational expert containing

10   substantially the same limitations as were included in the ALJ's assessment of plaintiff's residual

11   functional capacity. *See* AR 109-10. In response to that question, the vocational expert testified

12   that an individual with those limitations – and with the same age, education and work experience

13   as plaintiff – would be able to perform other jobs. *See* AR 109-12. Based on the testimony of the

14   vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing in

15   significant numbers in the national economy. *See* AR 41-42. But because as discussed above the

16   ALJ erred in assessing plaintiff's RFC, the hypothetical question – and therefore the vocational

17   expert's testimony as well as the ALJ's step five determination – cannot be said to be supported

18   by substantial evidence. Accordingly, here too the Court agrees with plaintiff that the ALJ erred.

19   IV.    This Matter Should Be Remanded for Further Administrative Proceedings

20        The Court may remand this case "either for additional evidence and findings or to award

21

22   benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the

23   proper course, except in rare circumstances, is to remand to the agency for additional

24   investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations

25   omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is

26

REPORT AND RECOMMENDATION - 9

unable to perform gainful employment in the national economy," that "remand for an immediate

award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further

administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v.*

*Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).  Specifically, benefits should be awarded

where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
> claimant's] evidence, (2) there are no outstanding issues that must be resolved
> before a determination of disability can be made, and (3) it is clear from the
> record that the ALJ would be required to find the claimant disabled were such
> evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

Because as discussed above issues still remain in regard to the medical evidence in the record,

plaintiff's residual functional capacity and his ability to perform other jobs existing in significant

numbers in the national economy, remand for further consideration of those issues is warranted.

<u>CONCLUSION</u>

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ

improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as

well that the Court reverse defendant's decision to deny benefits and remand this matter for

further administrative proceedings in accordance with the findings contained herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.")

72(b), the parties shall have **fourteen (14) days** from service of this Report and

Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file

objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*,

474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk

REPORT AND RECOMMENDATION - 10

is directed set this matter for consideration on **September 11, 2015**, as noted in the caption.

DATED this 27th day of August, 2015.


Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11